IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## CARL E. ROSS, PRO SE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26913      J.C. McLin, Judge**

---

**No. W2003-01448-CCA-R3-CO  - Filed January 9, 2004**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is appealing the lower court's denial of *coram nobis* relief.  After review of the record, we conclude that the State's motion is well-taken and the trial court's order denying Petitioner *coram nobis* relief is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY  and JOHN EVERETT WILLIAMS, JJ., joined.

Carl E. Ross, pro se.

Paul G. Summers, Attorney General & Reporter; John Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.

### OPINION

In 1995, Petitioner was convicted of two counts of attempt to commit second degree murder, three counts of aggravated robbery, and one count of theft in excess of $1,000.00. *See State v. Carl Ross*, *No. 02C01-9510-CR-00301, 1997 WL 30347, \*1* (*Tenn. Crim. App. at Jackson, Jan. 28, 1997), perm. to appeal denied*, (Tenn. Sept. 22, 1997).  For these convictions, the trial court sentenced Petitioner to an effective sentence of 162 years at 60%. *Id.*  This Court affirmed the convictions and sentences on January 28, 1997. *Id.*  Petitioner subsequently sought post-conviction relief; which was denied. *See Carl Ross v. State*, No. W1999-01455-CCA-R3-PC, 2000 WL 1670960, \*1 (Tenn. Crim. App. at Jackson, Oct. 25, 2000), *perm. to appeal denied*, (Tenn. Apr. 16, 2001).

On December 3, 2002, Petitioner filed a petition for writ of *error coram nobis* relief in the Shelby County Criminal Court.  As basis for the petition, Petitioner asserts that he should be granted

a new trial based upon grounds of newly discovered evidence. As factual basis for this assertion, Petitioner claims that "co-defendant Charles E. McClelland was willing to provide an affidavit and testimony that petitioner was not an accomplice in the commission of the criminal acts." Acknowledging that the one-year statute of limitations has expired, Petitioner asserts that "applying the statute of limitations would be unconstitutional in this case because he did not have Charles McClelland's statement recanting his trial testimony within the limitations period." The State responded that due process did not require tolling the statute of limitations because the alleged newly discovered evidence does not show Petitioner's actual innocence nor does it establish mitigating evidence relating to Petitioner's sentence.

On March 20, 2002, the trial court denied Petitioner's motion, finding that due process did not require tolling of the one-year statute of limitations. Specifically, the court noted that (1) this is not a capital case, (2) the considerations alleged by the Petitioner do not outweigh the governmental interests at stake, and (3) the evidence against the Petitioner was great, including the testimony of a police officer identifying the Petitioner and the fact that stolen items were found in the vehicle and at the Petitioner's home.

To the extent that the Petitioner seeks the benefit of a writ of error *coram nobis,* his claim is time barred. The statute of limitations for that form of relief is one year from a judgment's finality. *See* Tenn. Code Ann. § 27-7-103. Moreover, the Petitioner has not demonstrated the applicability of any basis upon which he might be excused from the statute of limitations bar. *See generally Workman v. State,* 41 S.W.3d 100 (Tenn. 2001) (due process may toll statute of limitations where petitioner facing death penalty seeks to present claim of newly discovered evidence). With respect to the writ of error *coram nobis,* the Code provides:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105. Although a witness's recantation of his prior trial testimony may be newly discovered evidence, *Mixon,* 983 S.W.2d at 672, before granting a new trial on the basis of newly discovered recanted testimony, the trial court must find: (1) it is reasonably well satisfied that the testimony given by the material witness was false and the new testimony is true; (2) the defendant was reasonably diligent in discovering the new evidence, or was surprised by the false testimony, or was unable to know of the falsity of the testimony until after the trial; and (3) the jury might have reached a different conclusion had the truth been told. *State v. Ratliff,* 71 S.W.3d 291, 298 (Tenn. Crim. App. 2001) (citing *State v. Mixon,* 983 S.W.2d 661, 673 n. 17 (Tenn. 1999). In this case, the Petitioner's claims, even if taken as true, do not fit within the category of cognizable claims. He is not seeking to bring new evidence before the court which might have had an effect on the judgment. Indeed, at the Petitioner's trial, Charles McClelland testified that he had agreed to testify for the State in return for a fifteen-year sentence. *See State v. Carl Ross*, No. 02C01-9510-CR-00301, 1997 WL 30347, at * 2. On cross-examination, McClelland acknowledged that he had not been completely honest with the police. *Id.* Thus,

McClelland's credibility was effectively questioned at trial. Moreover, a police officer identified the Petitioner as being in the get-away vehicle and stolen items were discovered at the Petitioner's home and in the car. *Id.* We cannot conclude that McClelland's recantation would have had an impact on the result of the trial. Thus, c*oram nobis* relief, therefore, cannot lie.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be assessed to the State.

_____
DAVID G. HAYES, JUDGE